**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 09:22 AM November 17, 2020**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **IN RE:** | : | **Chapter 13 Proceedings** |
| **Charles Clifton Craig While** | : | **Case No.: 19-62346** |
| **Debbie Lou While** | : | **Judge Russ Kendig** |
| **Debtors** | | |

### ORDER CONFIRMING PLAN

The Chapter 13 Third Amended Plan in this case filed as attached came on for Confirmation at a hearing before the Court. Based upon the papers filed in this case, information presented by the Standing Chapter 13 Trustee (the "Trustee") and such other matters, if any, presented by Debtor (or Debtors in a joint case) (the "Debtor"), Debtor's Counsel, any Objections or any other interested party, the Court finds that:

1. Notice of the confirmation hearing was duly given.
2. The Plan complies with applicable provisions of Title 11 of the United States Code (the "Bankruptcy Code").

**IT IS THEREFORE ORDERED THAT:**

1. The Plan is confirmed in all respects not contrary to prior or subsequent orders of the Court.

2. The Debtor shall not incur additional debt exceeding $500.00 in the aggregate without notice to the Trustee and the approval of the Court.

3. The Debtor shall not transfer any interest in real property without the Court's approval.

4. All property of the estate scheduled in accordance with Bankruptcy Rule 1007(h), vest in the debtor(s) pursuant to 11 USC Section 1327(b). All property of the estate that is not properly scheduled or any property that is acquired subsequent to the filing of the petition does not vest to the debtor(s) and remains property of the estate unless Court ordered.

5. The Attorney for the Debtor is allowed a total fee of **$3,300.00** of which **$524.00** has been paid. The balance will be paid pursuant to the Court's administrative order regarding Attorney fees.

6. Interest shall be paid to non-governmental creditors with a valid security interest in personal property belonging to Debtor(s) at the Presumptive Interest Rate calculated in accordance with Administrative Order No. 17-2, or at the rate as indicated in a validly filed proof of claim, whichever is less. This section shall not apply to any creditor who has obtained a separate Order from this Court regarding the applicable interest rate on its claim.

###

**Approved By:**

/s/ Dynele L. Schinker-Kuharich
Dynele L. Schinker-Kuharich
Chapter 13 Trustee
A. Michelle Jackson Limas (0074750)
Staff Counsel to the Chapter 13 Trustee
200 Market Avenue North, Ste. 30
Canton, OH 44702
Telephone: 330.455.2222
Facsimile: 330.754.6133
Email: DLSK@Chapter13Canton.com

**NOTICES TO:**

Office of the United States Trustee, via the Court's Electronic Case Filing System at [RegisteredEmailAddress]@usdoj.gov

Office of the Chapter 13 Trustee, via the Court's Electronic Case Filing System at dlsk@Chapter13Canton.com

Deborah L. Mack, Counsel for Charles Clifton Craig and Debbie Lou While, via the Court's Electronic Case Filing System at Debbie@ohiofinancial.lawyer

Charles Clifton Craig While, Debtor, via regular mail at:
1672 Amoy West Road
Mansfield, OH 44903

Debbie Lou While, Debtor, via regular mail at:
1672 Amoy West Road
Mansfield, OH 44903

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | Charles Clifton Craig While |
| | First Name   Middle Name   Last Name |
| Debtor 2 (Spouse, if filing) | Debbie Lou While |
| | First Name   Middle Name   Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF OHIO |
| Case number: (If known) | 19-62346 |

XXX Check if this is an amended plan, and list below the sections of the plan that have been changed.

2.1, 3.3, 4.5

Official Form 113
## Chapter 13 Plan

12/17

### Part 1: Notices

To Debtor(s): This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

To Creditors: Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☑ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

### Part 2: Plan Payments and Length of Plan

2.1   Debtor(s) will make regular payments to the trustee as follows:

$1940 per Month for 60 months    See Docket No. 88
Order dated 10-27-2020

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2   Regular payments to the trustee will be made from future income in the following manner.

*Check all that apply:*
☑ Debtor(s) will make payments pursuant to a payroll deduction order.
☐ Debtor(s) will make payments directly to the trustee.
☑ Other (specify method of payment):
motion through TFS by debtors' counsel

2.3 Income tax refunds.
*Check one.*

APPENDIX D                                     Chapter 13 Plan                                       Page 1
Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                Best Case Bankruptcy

19-62346-rk   Doc 81   FILED 09/28/20   ENTERED 09/28/20 15:33:02   Page 1 of 7
19-62346-jpg   Doc 94   FILED 11/17/20   ENTERED 11/17/20 10:59:14   Page 4 of 16

| Debtor | Charles Clifton Craig While<br>Debbie Lou While | Case number | 19-62346 |
|---|---|---|---|

- [ ] Debtor(s) will retain any income tax refunds received during the plan term.

- [ ] Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

- [x] Debtor(s) will treat income refunds as follows:
  Debtors will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term -- if and only if the tax refunds for that year are over $2,000.

**2.4 Additional payments.**
*Check one.*
- [x] **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $116,400.00.

### Part 3: Treatment of Secured Claims

**3.1** Maintenance of payments and cure of default, if any.

*Check one.*
- [ ] **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
- [x] The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| Pennymac Loan Services | 1672 Amoy W Rd Mansfield, OH 44903 Richland County PPN: 016-32-234-11-000 | $0.00<br>Disbursed by:<br>[ ] Trustee<br>[x] Debtor(s) | Prepetition: $0.00 | 0.00% | $0.00 | $0.00 |

*Insert additional claims as needed.*

**3.2** Request for valuation of security, payment of fully secured claims, and modification of undersecured claims. *Check one.*

- [x] **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3** Secured claims excluded from 11 U.S.C. § 506.

*Check one.*
- [ ] **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
- [x] The claims listed below were either:

  (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

Official Form 113     Chapter 13 Plan     Page 2
Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

19-62346-rk   Doc 81   FILED 09/28/20   ENTERED 09/28/20 15:33:02   Page 2 of 7
19-62346.jpg   Doc 94   FILED 11/17/20   ENTERED 11/17/20 10:59:14   Page 5 of 16

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Capital One Auto Finance | 2018 Toyota Tundra 9,310 miles | $33,023.41 | 5.25% | $682.15 <br> Disbursed by: <br> ☑ Trustee <br> ☐ Debtor(s) | $37,190.42 |
| Harley Davidson Financial | 2005 Harley FLHTCI Electra Glide 10,828 miles | $6,560.50 | 5.25% | $288.55 <br> Disbursed by: <br> ☑ Trustee <br> ☐ Debtor(s) | $6,925.20 |

*See Docket No. 19*
*Order dated 1-31-2020*

*Insert additional claims as needed.*

**3.4    Lien avoidance.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
*The remainder of this section will be effective only if the applicable box in Part 1 of this plan is checked*

☑ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim |
|---|---|---|---|
| **Name of Creditor** <br> Portfolio Recovery | a. Amount of lien | $1,451.99 | **Amount of secured claim after avoidance** (line a minus line f) |
| | b. Amount of all other liens | $137,630.96 | |
| | c. Value of claimed exemptions | $265,800.00 | |
| **Collateral** <br> 1672 Amoy W Rd <br> Mansfield, OH 44903 <br> Richland County <br> PPN: 016-32-234-11-000 | d. Total of adding lines a, b, and c | $404,882.95 | **Interest rate** (if applicable) <br> % |
| **Lien identification** (such as judgment date, date of lien recording, book and page number) <br> Judgment Lien | e. Value of debtor(s)' interest in property | -$135,940.00 | |
| | | | **Monthly plan payment on secured claim** |
| Opened 09/17 | f. Subtract line e from line d. | $268,942.95 | |
| | **Extent of exemption impairment** <br> *(Check applicable box):* <br> ☑ Line f is equal to or greater than line a. | | **Estimated total payments on secured claim** |

Official Form 113    Chapter 13 Plan    Page 3
Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

19-62346-rk    Doc 81    FILED 09/28/20    ENTERED 09/28/20 15:33:02    Page 3 of 7
19-62346-jpg    Doc 94    FILED 11/17/20    ENTERED 11/17/20 10:59:14    Page 6 of 16

| Information regarding judicial lien or security interest | Calculation of lien avoidance | Treatment of remaining secured claim |
|---|---|---|
| | ☐ The entire lien is avoided *(Do not complete the next column)* | |
| | ☐ Line f is less than line a. A portion of the lien is avoided. *(Complete the next column)* | |

*Insert additional claims as needed.*

### 3.5 Surrender of collateral.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| *See also Part 8.1*<br>Berkley Vacation Resorts Inc | 9940 Las Vegas Blvd S Las Vegas, NV 89183  Clark County<br>Timeshare with Deed of Trust:  Grandview at Las Vegas<br>APN# 177-29-605-010/011/012 (listed in co-debtor's former name Tennant)<br>SURRENDERING |
| Berkley Vacation Resorts Inc | 212 Bonaventure Blvd Fort Lauderdale, FL 33326 Broward County<br>Timeshare at Vacation Village at Bonaventure Resort<br>APN# 0005BL0060<br>SURRENDERING |
| Harley Davidson Financial | 2014 Harley Sportser 10,828 miles<br>Voluntary Surrender |

*Insert additional claims as needed.*

## Part 4: Treatment of Fees and Priority Claims

### 4.1 General
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

### 4.2 Trustee's fees
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be 10.00% of plan payments; and during the plan term, they are estimated to total $11,640.00.

### 4.3 Attorney's fees.

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $3,376.00.

### 4.4 Priority claims other than attorney's fees and those treated in § 4.5.

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

### 4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*
☑ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in § 2.1 be for a term of 60 months; see 11 U.S.C. § 1322(a)(4).*

Official Form 113                           Chapter 13 Plan                                    Page 4
Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

19-62346-rk   Doc 81   FILED 09/28/20   ENTERED 09/28/20 15:33:02   Page 4 of 7
19-62346-jpg  Doc 94   FILED 11/17/20   ENTERED 11/17/20 10:59:14   Page 7 of 16

| Debtor | Charles Clifton Craig While | Case number | 19-62346 |
|---|---|---|---|
| | Debbie Lou While | | |

| Name of Creditor | Amount of claim to be paid |
|---|---|
| Cheryl A While | $10,501.00 |
| Connie J Vansdale | $32,469.92 |

*Insert additional claims as needed.*

See Docket No. 88
Order dated 10-27-2020

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1  Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

- [ ] The sum of $ _____.
- [ ] _____% of the total amount of these claims, an estimated payment of $_____.
- [x] The funds remaining after disbursements have been made to all other creditors provided for in this plan.

See Docket No. 88
Order dated 10-27-2020

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ 0.00 . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

- [x] **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3  Other separately classified nonpriority unsecured claims.** *Check one.*

- [x] **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

- [x] **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

See Docket No. 88
Order dated 10-27-2020

### Part 7: Vesting of Property of the Estate

**7.1  Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
- [x] plan confirmation.
- [ ] entry of discharge.
- [ ] other: _____

### Part 8: Nonstandard Plan Provisions

**8.1  Check "None" or List Nonstandard Plan Provisions**
- [ ] **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*

1.   No provision in this plan is intended to waive any of the debtors' rights under any state or Federal law, including any counterclaims that the debtors may have or any other reason the debtors may have to object to allowance of a claim, in whole or in part.

2.   All creditors must file Proofs of Claim in order to receive a distribution from the trustee. Any creditor that receives notice of the case but fails to file a TIMELY Proof of Claim will not

Official Form 113          Chapter 13 Plan          Page 5
Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

19-62346-rk    Doc 81    FILED 09/28/20    ENTERED 09/28/20 15:33:02    Page 5 of 7
19-62346-jpg   Doc 94    FILED 11/17/20    ENTERED 11/17/20 10:59:14    Page 8 of 16

receive a distribution and the claim will be discharged without payment.

3.      Pursuant to Section 1325(a)(5)(C), all claims secured by the debtors' interests in the timeshare resorts Grandview at Las Vegas and Vacation Village at Bonaventure Resort as listed in Paragraph 3.5 above will be paid by surrender of the collateral and foreclosure of the security interest.  To the extent that a deficiency exists, the creditor must file a timely Proof of Claim for the same.

Pursuant to Section 1322(b)(8) and (9), title to said timeshare resorts Grandview at Las Vegas and Vacation Village at Bonaventure Resort as listed in Paragraph 3.5 above shall VEST IN Berkley Vacation Resorts, Inc., a Florida corporation, whose principal place of business is in the state of Florida, 357 Racquet Club Road, Weston, Florida 33326 (hereinafter BVRI), upon confirmation, and the Confirmation Order shall constitute a deed of conveyance of the property when recorded at the Registry of Deeds.

## Part 9:   Signature(s):

### 9.1   Signatures of Debtor(s) and Debtor(s)' Attorney

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X  /s/ Charles Clifton Craig While          X  /s/ Debbie Lou While
   Charles Clifton Craig While                 Debbie Lou While
   Signature of Debtor 1                       Signature of Debtor 2

   Executed on    September 25, 2020           Executed on   September 25, 2020

X  /s/ Deborah L Mack                        Date   September 25, 2020
   Deborah L Mack
   Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

Official Form 113                                   Chapter 13 Plan                                      Page 6
Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                       Best Case Bankruptcy

19-62346-rk   Doc 81   FILED 09/28/20   ENTERED 09/28/20 15:33:02   Page 6 of 7
19-62346-jpg   Doc 94   FILED 11/17/20   ENTERED 11/17/20 10:59:14   Page 9 of 16

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $0.00 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $44,115.62 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $15,015.90 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $19,110.36 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)* + | $0.00 |
| | **Total of lines a through j** | $78,241.88 |

Official Form 113                     Chapter 13 Plan                          Page 7
Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                   Best Case Bankruptcy

19-62346-rk   Doc 81   FILED 09/28/20   ENTERED 09/28/20 15:33:02   Page 7 of 7
19-62346-jpg  Doc 94   FILED 11/17/20   ENTERED 11/17/20 10:59:14   Page 10 of 16

The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.



Russ Kendig
United States Bankruptcy Judge

Dated: 04:08 PM January 31, 2020

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
CANTON DIVISION

| | | |
|---|---|---|
| In re: | * | Case No. 19-62346 |
| CHARLES CLIFTON CRAIG WHILE | | |
| DEBBIE LOU WHILE | * | Judge Russ Kendig |
| Debtors. | * | Chapter 13 |

### AGREED ORDER RESOLVING THE OBJECTION TO CONFIRMATION OF PLAN
(Doc. 18)

This cause comes on before the Court upon Harley-Davidson Credit Corporation's Objection to Confirmation of Plan filed with the Court on January 8, 2020 (Doc. 18). Prior to the matter proceeding to hearing, the parties resolved all issues in dispute. The Court finding the resolution fair and equitable hereby ORDERS same.

IT IS THEREFORE ORDERED that:

1. By agreement of the undersigned parties, a secured value of $6,560.50 is placed on the collateral in the above-captioned Chapter 13 proceeding:

   **CREDITOR:** Harley-Davidson Credit Corporation

   **PROPERTY:** 2005 Harley-Davidson FLHTCI Electra Glide Classic
   VIN: 1HD1FFW165Y613964

2. By agreement of the undersigned parties, an interest rate of 6.75% shall be paid to Harley-Davidson Credit Corporation on the secured portion of the claim.

3. The balance of the claim shall be paid as a general unsecured debt pro rata with the other unsecured creditors.

4. The Objection to Confirmation of Plan is hereby withdrawn.

IT IS SO ORDERED.

### # # #

**APPROVED & SUBMITTED BY:**

/s/ Deborah L. Mack – per email approval
Deborah L. Mack:
53 E. Main Street
Lexington, Ohio 44904
Phone: (419) 884-4600
Fax: (800) 410-3620
E-Mail: debbie@ohiodebtrelief.lawyer
ATTORNEY FOR DEBTORS


/s/ Alison A. Gill
Alison A. Gill: 0061710
615 Copeland Mill Road, Suite 1F
Westerville, Ohio 43081
Telephone: (614) 523-7575
Facsimile: (614) 523-7580
E-Mail: alison@ohiolaws.com
ATTORNEYS FOR HARLEY-DAVIDSON CREDIT CORPORATION

/s/ Dynele L. Schinker-Kuharich – per written approval
Dynele L Schinker-Kuharich (0069389)
Chapter 13 Trustee
A. Michelle Jackson Limas (0074750)
Staff Counsel to the Chapter 13 Trustee
200 Market Avenue North, Ste. 30
Canton, OH 44702
Telephone: 330.455.2222
Facsimile: 330.754.6133
Email: DLSK@Chapter13Canton.com

## SERVICE LIST

Alison A. Gill, Attorney for Movant
615 Copeland Mill Road, Suite 1F
Westerville, OH 43081

Deborah L. Mack, Attorney for Debtors
53 E. Main Street
Lexington, OH 44904

Dynele L. Schinker-Kuharich, Ch. 13 Trustee
200 Market Avenue North, Ste. LL30
Canton, OH 44702

Office of the U.S. Trustee
201 Superior Avenue East, Suite 441
Cleveland, OH 44114

Charles & Debbie While
672 Amoy West Road
Mansfield, OH 44903

The court incorporates by reference in this paragraph and adopts as the findings and orders
of this court the document set forth below. This document was signed electronically at the
time and date indicated, which may be materially different from its entry on the record.



Russ Kendig
United States Bankruptcy Judge

Dated: 01:19 PM October 27, 2020

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 Proceedings |
| Charles Clifton Craig While and | : | Case No.: 19-62346 |
| Debbie Lou While, | : | Judge Russ Kendig |
| Debtors. | | |

AGREED ORDER SETTLING TRUSTEE'S OBJECTION
TO CONFIRMATION OF PLAN

This matter is before the Court on Trustee's Objection to Confirmation of the Chapter 13 Plan. The parties have agreed to the following:

1. The Plan payment shall be $1,898.00 per month beginning November 2020.

2. To resolve the good faith issue, Paragraph 5.1 of the Plan shall reflect that the general unsecured creditors shall not receive less than $7,500 as Debtors are keeping the 2005 Harley Davidson.

3. Paragraph 6.1 of the Plan shall reflect that the lease with Toyota Motor Creditor shall be assumed and Debtors shall pay the lease directly.

4. The child support arrears owed to MCCSEA shall be disbursed by Trustee and paid in full pursuant to their proof of claim (No. #20).

5. The delinquency, if any, is hereby suspended as of the date of this order.

**THEREFORE, IT IS THE ORDER OF THIS COURT** that the Plan of the Debtor(s) is amended as stated above.

###

**Approved By:**

/s/ Deborah L. Mack
Deborah L. Mack
Attorney for Charles Clifton Craig and Debbie Lou While

**Submitted By:**

/s/ Dynele L. Schinker-Kuharich
Dynele L. Schinker-Kuharich (0069389)
Chapter 13 Trustee
A. Michelle Jackson Limas (0074750)
Staff Counsel to the Chapter 13 Trustee
200 Market Avenue North, Ste. 30
Canton, OH 44702
Telephone: 330.455.2222
Facsimile: 330.754.6133
Email: DLSK@Chapter13Canton.com

**NOTICES TO:**

Office of the United States Trustee, via the Court's Electronic Case Filing System at [RegisteredEmailAddress]@usdoj.gov

Office of the Chapter 13 Trustee, via the Court's Electronic Case Filing System at dlsk@Chapter13Canton.com

Deborah L. Mack, Counsel for Charles Clifton Craig and Debbie Lou While, via the Court's Electronic Case Filing System at Debbie@ohiofinancial.lawyer

Charles Clifton Craig While, Debtor, via regular mail at:
1672 Amoy West Road
Mansfield, OH 44903

Debbie Lou While, Debtor, via regular mail at:
1672 Amoy West Road
Mansfield, OH 44903